(20 Misc. Rep. 147.)

### DAVIDSON v. WEED.

(Supreme Court, Special Term, New York County. April, 1897.)

RES JUDICATA—MATTERS INVOLVED IN LITIGATION.
    A judgment for defendant, in an action to cancel a mortgage for duress and want of consideration, precludes the defense of usury in a subsequent action to foreclose the mortgage, since the question of usury could have been litigated in the first action.

Action by Phineas O. Davidson against Sarah B. Weed to foreclose a mortgage. Judgment for plaintiff.

Backus & Manne (John P. Clarke, of counsel), for plaintiff.
Atchison & Bower, for defendant.

RUSSELL, J. This action was brought to foreclose a mortgage upon real estate. The affirmative defenses alleged are duress in the execution of the mortgage, want of consideration, and usury. The plaintiff claims that these defenses cannot be entertained on account of a decision of a former action between the parties. The defendant concedes, as to all the defenses but usury, the record of the former action is a bar. That first action was brought by the present defendant against the plaintiff to obtain a discharge of the mortgage on the ground that it was executed by the present defendant under duress, and with a want of consideration. Her action was not founded at all upon the usurious character of the mortgage, and therefore her counsel claims that, though she was defeated in the former action upon the merits, she has a right to defend if the defense of usury in fact exists. If her present position is tenable,

she could have maintained three separate actions to cancel the mortgage; maintaining, if defeated on the first claim, that the mortgage was given under duress, in the second litigation that it was void for want of consideration, and, if there defeated, test the merits of her claim of usury in a third action.    Or, if a suit was brought to foreclose the mortgage, she could, under the same assumption, plead the defense of duress or want of consideration, and, if that defense proved unsuccessful, maintain an action to cancel the mortgage on the ground of usury.    Her counsel argues at the present time upon the assumption that each claim she has to have the mortgage set aside is a different cause of action, notwithstanding the relief desired is precisely similar upon each claim, namely, that the mortgage should be discharged ab initio.    Such a ruling would wholly tend to subvert the fundamental maxim that unnecessary litigation should be avoided, and therefore, if a party has had a full and fair opportunity to plead either as plaintiff or defendant a claim or defense, and the decision has gone against him on the merits, no further litigation can be had as to the validity of the instrument attacked.    The record in the case of Weed v. Davidson stands unchallenged that the mortgage in suit is a valid instrument, and that the defendant is bound by the obligations it creates.    No defense now brought to light, which was kept in secrecy and abeyance, can be allowed in a separate litigation to contradict the effect of that judgment record. The latest case in the court of appeals upon that subject is that of Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367; Id., 151 N. Y. 669, 46 N. E. 1151.    In that case it was held that a valid judgment by the landlord, in summary proceedings to dispossess the tenant for nonpayment of rent, is a bar to an action brought by the tenant against the landlord to cancel the lease on the ground that it was a mortgage and was usurious, although such questions were not actually litigated or considered in the summary proceedings, and the opinion of Judge Martin refers to the cases confirming this principle.    A party has a legal right to interpose the defense of usury to an instrument calling for the payment of money, whatever may be thought of that defense as a moral question.    But if having opportunity to interpose such a defense to the validity of the instrument, in a litigation which he himself commences and invites, he fails to do so, and compels the mortgagee to try in court the validity of his mortgage upon other questions, the mortgagor having full power to present every defense he has to the mortgage in his pleadings, he cannot be again heard as to the validity of that instrument in another litigation between the parties, the first judgment having determined that it is a valid and subsisting obligation.

Judgment is therefore given for the plaintiff.    Ordered accordingly.